770 F.2d 167
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MARJORIE H. ROWLAND, PLAINTIFF-APPELLEE, CROSS-APPELLANT,
v.
MAD RIVER LOCAL SCHOOL DISTRICT, DEFENDANT-APPELLANT, CROSS-APPELLEE.
 NOS. 83-3649, 83-3673
 United States Court of Appeals, Sixth Circuit.
 7/12/85
 
 S.D.Ohio
 REVERSED
 ORDER
 BEFORE: KEITH and MERRITT, Circuit Judges; and PECK, Senior Circuit Judge.
 
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 At issue in this appeal is the propriety of the district court's award of attorney fees to plaintiff under 42 U.S.C. Sec. 1988. Defendant has filed a pleading styled 'Motion for Judgment' in which it is suggested that, as the underlying judgment was reversed, this award of attorney fees must also be reversed.
 
 
 3
 Upon consideration, we find defendant's position persuasive. In order to qualify as a 'prevailing party' for purposes of section 1988, a plaintiff must establish her entitlement to some form of relief on the merits of a substantial claim. She may do this by obtaining a final judgment on the merits or by obtaining relief through a consent judgment or other settlement. She may also qualify if the lawsuit has acted as a 'catalyst' causing the defendant to make significant changes in its past practices regardless of whether or not any direct relief is obtained. Dover v. Rose, 709 F.2d 436, 439 (6th Cir. 1983).
 
 
 4
 Plaintiff does not meet this standard. As a result of our opinion in Rowland v. Mad River Local School District, 730 F.2d 444 (6th Cir. 1984), the entire judgment for plaintiff upon which the fee award was based was reversed. Plaintiff makes no contention, nor does the record reveal, that her lawsuit falls into the catalyst category. Additionally, other courts have held that the reversal of the underlying civil rights judgment negates a subsequent section 1988 fee award. See Harris v. Pirch, 677 F.2d 681 (8th Cir. 1982); Dike v. School Board of Orange County, Florida, 650 F.2d 783 (5th Cir. 1981); Huemmer v. Mayor & City Council of Ocean City, 632 F.2d 371 (4th Cir. 1980). Plaintiff's assertion that she is deserving of a partial award based on a successful application for a temporary restraining order in 1975 is without merit. We reverse.
 
 
 5
 It appearing therefore that an intervening decision of this Court requires reversal of the judgment appealed from, Rule 9(d)(4), Rules of the Sixth Circuit,
 
 
 6
 It is ORDERED that the final order of the district court be and it hereby is reversed.